# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL WAYNE BISHOP, as the Heir and Representative of the Estate of DEBORAH ANN BISHOP,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:16-cv-00741-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding the applications of Deborah Ann Bishop, deceased, ("claimant") for Supplemental Security Income and Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8.)

The Court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on September 26, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for an award of benefits.

The Administrative Law Judge ("ALJ") erred by failing to provide specific, clear, and convincing reasons for finding claimant's testimony about the severity of her symptoms not fully credible. "[A]n ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quotations omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-15. "It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (citation and quotations omitted). Furthermore, a lack of objective medical evidence is a factor that the ALJ can consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ determined that claimant had severe impairments consisting of rheumatoid arthritis, asthma, obesity, and fibromyalgia, and that her medically determinable impairments could reasonably be expected to cause the symptoms she alleged. Finding no evidence of malingering, the ALJ concluded that the claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. However, the ALJ failed to provide specific, clear, and convincing reasons supported by the record for his conclusion. First, the ALJ found, "The claimant described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. She reported activities of daily living such as making food for herself, doing light household cleaning, driving an automobile, walking for exercise, and performing her own activities of daily living without assistance." AR 27. But, claimant's testimony regarding her activities of daily living was not inconsistent with her alleged symptoms. For example, claimant testified, "Doing cleaning, I

can get a little energy and go in and clean. And the next day I'm down in my bed. I hurt so bad. . . . Yesterday I did dinner and I dropped a cup, just trying to reach for it and I dropped it. . . . And it shattered and went all in the food. And my husband had to do dinner for me." AR 45. Claimant further testified that she drives once a week, and she requires assistance from her husband or daughter to do laundry, cook, vacuum, mop, and sweep. AR 43, 47, 51, 56.

Second, the ALJ found, "The diagnostic and other objective medical evidence [] failed to show a physiological basis for the extreme pain and limitation alleged." AR 27. However, claimant's rheumatologist assessed that claimant's fibromyalgia may be the major component of her pain, rather than rheumatoid arthritis. AR 541. Fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). The symptoms are entirely subjective; there are no laboratory tests for the presence or severity of fibromyalgia. *Jordan v. Northup Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 872 (9th Cir. 2004) overruled on other grounds by *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc); *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001); *see also Welch v. UNUM Life Ins. Co. of Am.*, 382 F.3d 1078, 1087 (10th Cir. 2004) (fibromyalgia presents conundrum for insurers and courts because no objective test exists for proving the disease, its cause or causes are unknown, and its symptoms are entirely subjective). The ALJ's citation to clinical findings of mild or controlled symptoms of rheumatoid arthritis and normal neurological findings, thus, failed to show that claimant did not have pain and limitations due to fibromyalgia. Similarly, the ALJ found that claimant reported that medication improved her symptoms and her treating physician reported clinically marked improvements. AR 27. But, reports of improvement were in regards to claimant's rheumatoid arthritis symptoms. AR 448, 451.

Finally, the ALJ found that claimant was medicinally noncompliant on several occasions. An unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility; however, disability benefits may not be denied because of the claimant's failure to obtain treatment she cannot obtain for lack of funds. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (internal quotations and citations omitted). "A failure to adhere to treatment

3

during a period where the claimant had no medical insurance cannot support an adverse credibility finding." *Id*. The claimant admits that she was not medicinally compliant for various periods during her treatment. AR 52. But, the record reflects that claimant's medical insurance failed to fill all her medication. AR 452, 502, 547. Accordingly, the ALJ failed to provide legally sufficient reasons for finding claimant's testimony about the severity of her symptoms not fully credible.

The ALJ also erred by failing to provide specific and legitimate reasons for giving the opinion of claimant's treating physician, Dr. Hipolito Mariano, Jr. M.D, little weight. "[T]his circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Generally, the opinion of treating physicians should be afforded greater weight than that of both examining physicians and nonexamining physicians. *Id.* Where the treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing reasons" supported by substantial evidence in the record. *Id.* Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. *Id.* (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).

The ALJ provided two reasons for giving Dr. Mariano's opinion little weight: the claimant's progress notes had insufficient evidence to support limitations of the magnitude described by Dr. Mariano and corroborating laboratory testing for fibromyalgia and rheumatoid arthritis were lacking. AR 26. However, there are no laboratory tests for the presence or severity of fibromyalgia. *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001). Furthermore, Dr. Mariano's findings are not inconsistent with a diagnosis of fibromyalgia. The symptoms of

fibromyalgia may include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with this disease." *Benecke*, 379 F.3d at 589–90. The distinguishing symptom of fibromyalgia is multiple tender spots that are painful when pressed. Rollins, 261 F.3d at 855. Dr. Mariano progress notes indicate that claimant exhibited widespread tenderness. AR 583, 586, 608. This finding was further supported throughout the record. AR 452, 541.Thus, the ALJ failed to provide specific and legitimate reasons for giving the opinion of claimant's treating physician little weight.

The question now becomes what remedy is appropriate. Section 405(g) of Title 42 of the United States Code provides: "the court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In social security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Id.* (citation omitted). However, where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," a remand for benefits is appropriate. *Trevizo v. Berryhill*, No. 15-16277, 2017 WL 4053751, at *13 (9th Cir. Sept. 14, 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).

Initially, for the reasons stated above, the ALJ failed to provide legally sufficient reasons for rejecting the claimant's testimony and the opinion of claimant's treating physician. Second, the claimant complained of disabling pain due to fibromyalgia and rheumatoid arthritis. "Rheumatology is the relevant specialty for fibromyalgia." *Benecke*, 379 F.3d at 594 n. 4. The record establishes that claimant was diagnosed with fibromyalgia by a rheumatologist, and that fibromyalgia appeared to be the major component of her pain, rather than rheumatoid arthritis.

AR 541. There are no laboratory tests for the severity of fibromyalgia. *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001). Thus, claimant's testimony of her subjective pain symptoms is the only available evidence of the severity of her fibromyalgia. *Id.*; *see also Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[S]o long as the pain is associated with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability.") Therefore, the record has been fully developed and further administrative proceedings would serve no useful purpose. Finally, the claimant testified that she can sit for an hour before needing to stand up and for fifteen to twenty minutes, and she needs to lay down for about an hour throughout the day. AR 56-57, 59-60. A vocational expert testified that someone with claimant's limitations would be unable to find full-time work. AR 70-74. Accordingly, if claimant's testimony were credited as true, the ALJ would be required to find the claimant disabled on remand.

For the reasons, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for award of benefits. *See Garrison v. Colvin*, 759 F. 3d 995, 1021-22 (9th Cir. 2014) (providing that remand for award of benefits is appropriate where there is no need to further develop the record, the ALJ failed to provide legally sufficient reasons for rejecting evidence, the ALJ would have to find disability if the improperly discredited evidence were credited as true, and record afforded no reason to doubt that claimant was disabled).

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration for calculation and award of benefits. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **October 11, 2017**  /s/ Erici P. Groj
UNITED STATES MAGISTRATE JUDGE